JOURNAL ENTRY and OPINION
Defendant-appellant, Freddie Bolton, herein appeals from the sentence handed down by the Cuyahoga County Court of Common Pleas, pursuant to the guilty plea entered by the appellant to two counts of rape and one count of gross sexual imposition. The appellant was indicted on September 3, 1998 on six counts of rape, one count of attempted rape and five counts of gross sexual imposition, all twelve counts containing sexual violent predator specifications. As part of the plea bargain, the state of Ohio agreed to remove the "force" language from the two counts of rape to which the appellant entered a plea of guilty. The state also agreed to delete the sexual violent predator specification from all three of the counts to which appellant plead guilty. By stipulation, and as part of the plea bargain negotiated between the appellant and the state, the appellant agreed to be categorized as a sexual predator.
The sexual offenses for which the appellant was indicted were committed against two young girls, ages ten and six at the time off the offenses, respectively. The ten-year-old victim was the appellant's biological daughter. The six-year-old victim was the daughter of the appellant's live-in girlfriend. One of the victims developed a yeast infection as a result of being sexually violated by the appellant. The other victim developed gonorrhea in both the vagina and anus. The appellant admitted culpability for the crimes to which he plead guilty at the sentencing hearing.
The trial court, on December 15, 1998, sentenced the appellant to the maximum terms permitted by law on all three counts and then proceeded to order that the sentences be served consecutively. Thus, the appellant was sentenced to ten years each on the rape counts and five years on the gross sexual imposition count, for a total of twenty-five years. The trial court also found the appellant to be a sexual predator in accordance with the stipulation of the parties.
In support of its sentence, the trial court stated on the record:
 Mr. Bolton, you are despicable. By stipulation you are agreeing to be categorized as a sexual predator under 2950.09 of the Ohio Revised Code. * * *
 The court finds that the seriousness of the offense and the ramifications of this offense outweigh any justification for giving you any less than the maximum consecutive terms allowed by law.
Good luck Mr. Bolton.
The appellant timely filed the within appeal challenging several aspects of the sentence imposed by the trial court. The appellant's first assignment of error states:
 THE TRIAL COURT ERRED WHEN IT FAILED TO SENTENCE THE APPELLANT TO THE MINIMUM TERN OF IMPRISONMENT PURSUANT TO R.C. 2929.14 (B) WHERE THE APPELLANT DID NOT PREVIOUSLY SERVE A PRISON TERM AND WHERE THE COURT FAILED TO FIND THAT THE SHORTEST PRISON TERM WOULD DEMEAN THE SERIOUSNESS OF THE OFFENSE OR THAT THE SHORTEST TERN WOULD NOT ADEQUATELY PROTECT THE PUBLIC FROM FUTURE CRIME.
R.C. 2929.14(B) reads as follows:
 [I]f the court imposing a sentence upon an offender elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court recently held that R.C. 2929.14(B) requires a trial court to impose a minimum sentence for first time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. The trial court, in the instant case, stated that "the court finds that the seriousness of the offense and the ramifications of the offense outweigh any justification for giving you any less than the maximum consecutive terms allowed by law." Thus, the trial court did make an explicit finding that imposing the minimum term of imprisonment, or any term other than the maximum, would demean the seriousness of the offense committed by the appellant. It is the conclusion of this court that it would be impossible to interpret the remarks of the trial court as not constituting a required finding under R.C. 2929.14(B). Although the Court inEdmonson did hold that such a finding must be made on the record, there is no requirement that the trial court make explicit reference to the relevant statute, as long as it is clear that the deviation from the minimum sentence is based on one of the delineated statutory factors. Therefore, this assignment of error is overruled.
The appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE PURSUANT TO R.C. 2929.14(C) WHERE IT DID NOT FIND OR SET FORTH FACTORS SUPPORTING THAT THE APPELLANT COMMITTED THE WORST FORM OF THE OFFENSE OR THAT THE APPELLANT POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES.
R.C. 2929.14(C) states in pertinent part as follows:
 * * * the court imposing a sentence upon an offender for a felony may impose the longest term authorized for the offense pursuant to division (A) off this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
The trial court in this case did not specifically recite the "magic words" set forth in R.C. 2929.14(C). R.C. 2929.14(C) does not dictate the usage of such "talismanic" language, but rather requires substantial compliance with the statute. State v.Blondheim (May 27, 1998), Summit App. No. 18594. Additionally, because the statute is written in the disjunctive, a trial court need only find that any one of the criteria listed as a circumstance justifying the imposition of a maximum prison sentence is present in order to impose the maximum term. State v. Moore,supra; State v. Kimmie (Dec. 2, 1999), Cuyahoga App. No. 75231, unreported. Yet, the trial court was still required to make a finding on the record that any of the following three criteria were applicable: (1) the appellant committed the worst form of drug possession, or (2) the appellant posed the "greatest likelihood" of committing future crimes, or (3) the appellant was a major drug offender or repeat violent offender as defined in sections (D)(3) and (D)(2) of R.C. 2929.14. State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported; State v. Kimmie, supra.
In the instant case, the trial court did not state on the record whether or not it believed that the appellant committed the "worst form" of rape or gross sexual imposition. Neither did the trial court expressly state on the record that the appellant posed the greatest likelihood of committing future crimes. Therefore, this assignment off error is sustained.
The appellant's third assignment of error states:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO CONSECUTIVE SENTENCES WHEN IT FAILED TO MAKE ORAL FINDINGS AS REQUIRED BY R.C. 2929.14(E)(4) AND 2929.14(B).
R.C. 2929.14(E)(4) governs the imposition of consecutive sentences and states in relevant part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2) provides that:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under section 2929.12
of the Revised Code, its reasons for imposing the consecutive sentences.
Therefore, R.C. 2929.14(E)(4) requires the trial court to make at least three findings prior to sentencing an offender to consecutive sentences.[1] Pursuant to R.C. 2929.19(B)(2), the trial court must also give the reasons behind its findings. In this case, the trial court did make a finding that the seriousness of the offense was not disproportionate to the offender's conduct, but did not make any of the other required findings required under R.C.2929.14(E)(4)(b) and (c)
In State v. Edmonson, supra, at 328-329, the Ohio Supreme Court recently held, in interpreting R.C. 2929.14(C) and R.C.2929.19(B)(2)(d), that a maximum sentence may only be lawfully imposed where the record reflects that the trial court imposed the maximum sentence based on the offender satisfying one of the statutory criteria. The Court further held that in addition to making the requisite findings on the record, a trial court must also make a "finding that gives its reasons" on the record, per R.C. 2929.19(B)(2)(d).
In State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported, this court held that:
 It is not enough, as the state argues, that the record before the trial court "adequately supports" the imposition off consecutive sentences. Rather, as is apparent from the statutory language of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), the trial court must make a record at the sentencing hearing that confirms that the trial court's decision-making process included all off the statutorily required sentencing considerations. See State v. Edmonson
(1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
Therefore, because the trial court failed to conform with the strict dictates of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2), this assignment off error is sustained.
The appellant's fourth assignment of error states:
 THE TRIAL COURT ERRED WHEN IT CLASSIFIED THE APPELLANT AS A "SEXUAL PREDATOR" BECAUSE THE LABEL IS UNREASONABLE OR ARBITRARY IN VIOLATION OF SECTION 1 AND 2 OF ARTICLE I OF THE OHIO CONSTITUTION.
"A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor off its constitutionality." State ex rel.Dickman v. Defenbacher (1955), 164 Ohio St. 142, 147. This assignment of error, which essentially asserts that R.C. 2950.09, which provides for sexual predator determinations, is unconstitutional, was considered and rejected by the Ohio Supreme Court in State v. Cook (1998), 83 Ohio St.3d 404. See, also, Statev. Gregory (Sept. 30, 1999), unreported; State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Therefore, we find this assignment of error to be lacking merit.
The appellant's fifth and final assignment of error states:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS AUTOMATICALLY CLASSIFIED AS A SEXUAL PREDATOR PURSUANT TO R.C. 2950.09(A) WHERE IT SHOULD HAVE MADE A DETERMINATION PURSUANT TO R.C. 2950.09(B).
The record in the within case is clear that the appellant agreed to a stipulation that he be categorized a sexual predator as part of the plea bargain he reached with the prosecutors assigned to his case. R.C. 2950.09(A) deals with sexual predator classifications where an offender has "plead guilty to a sexually oriented offense that is a sexually violent offense and also is convicted off or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging the sexually violent offense." In such instances, the classification as a sexual predator is automatic and no hearing pursuant to R.C. 2950.09(B) is required. In this case, the indictment did contain a number of sexually violent predator specifications. These specifications were deleted on the condition that the appellant stipulate to his categorization as a sexual predator. Thus, the appellant's classification as a sexual predator was automatic and there was no need for the court to conduct a hearing in order to consider the factors listed in R.C. 2950.09(B)(2)(a)-(j). This assignment of error is overruled.
Judgment affirmed in part and reversed in part. This case is remanded for resentencing and further proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded for resentencing and further proceedings consistent with this opinion.
Costs to be divided equally between plaintiff-appellee and defendant-appellant.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________ MICHAEL J. CORRIGAN, JUDGE
 TERRENCE O'DONNELL, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] The multiple findings required by R.C. 2929.12(E)(4), prior to the imposition of consecutive sentences, appear to this court to be somewhat redundant. For instance, in addition to other similar required findings, a trial court must initially find that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that the sentences are not disproportionate to the seriousness of the conduct and to the danger the offender poses to the public.